UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child.* : | |
| : | |
| v. : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING THE SUBSEQUENT CONTRACT BETWEEN DEFENDANT AND PLAINTIFF'S EMPLOYER**

Now comes the plaintiff, by and through his attorneys, and hereby moves this Honorable Court for an Order prohibiting any inquiry into, reference to, or the introduction of any evidence related to, the contract for snow removal services between the plaintiff's employer, Future Foam, and the defendant, after December of 2019. Whether or not the contract was renewed or ended after December of 2019 is irrelevant under Rules 401 and 402 of the Federal Rules of Civil Procedure. Even if found to be relevant, any probative value of said evidence is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence, and therefore should be excluded.

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. Future Foam has contracted with the defendant for such services since 2017 and continues to contract with them for snow removal

services to this day. From December 1, 2019 through December 3, 2019, there was a snow event in Mansfield, Massachusetts, the home of Future Foam. In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that snow event, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

## Argument

That the plaintiff's employer, Future Foam, continues to contract with the defendant for snow-removal services, is irrelevant to the issues in this case under Rule 401 of the Federal Rules of Evidence. Any contract subsequent to December of 2019 has no bearing on the questions of liability or damages related to the December 5, 2019 event. Whether the contract was renewed or ended after December of 2019 makes no fact at issue more or less probable, and is therefore irrelevant under Rule 401 and inadmissible under Rule 402. To permit such evidence would amount to improper bolstering of the defendant's defense. It would permit the inference that the defendant is not liable and was not negligent, because if the defendant was liable and negligent, the plaintiff's employer would have ended the contract and would not continue to contract with them for snow removal services. Whether the contract continued or was terminated is of no matter to this litigation, and thus any evidence related to the contract subsequent to December of 2019 should be excluded from trial. Even if found to be relevant, any probative value of said evidence is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence, and therefore should be excluded.

## Conclusion

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

                                        Plaintiff,
                                        By his Attorneys,

                                        /s/ Katelyn M. Revens

Amato A. DeLuca (BBO #638548)
Richard Boren (#0390)
Katelyn M. Revens (BBO #688007)
DeLuca & Associates, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 (Fax)
bud@delucaandassociates.com
richard@declucaandassociates.com
kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child*. : | |
| : | |
| v. : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC; : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above document was sent by electronic mail, on this 10th day of January 2022 to the following counsel of record:

John B. Stewart, Esq.
Murphy & Manitsas, LLC
20 Maple Street, Suite 301
Springfield, MA  01103
TheTrialer@aim.com


                                            /s/ Katelyn M. Revens