UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child*. : | |
| : | |
| v. : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S HEALTH INSURANCE AND WORKERS' COMPENSATION BENEFITS**

Now comes the plaintiff, by and through his attorneys, and hereby moves this Honorable Court for an Order prohibiting any inquiry into, reference to, or the introduction of any evidence related to, the plaintiff's health insurance and receipt of workers' compensation benefits. This evidence is irrelevant under the Massachusetts' collateral source rule as well as Rules 401 and 402 of the Federal Rules of Civil Procedure. Even if found to be relevant, any probative value of said evidence is substantially outweighed by unfair prejudice, confusion of the issues, and danger of misleading the jury pursuant to Rule 403 of the Federal Rules of Evidence, and therefore should be excluded.

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

The plaintiff received health insurance from his employer, Future Foam, and after this slip and fall in the parking lot, he received workers' compensation benefits from Future Foam. He has been a

maintenance mechanic for Future Foam since 2016, and was out of work for approximately seven months as a result of this injury.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. From December 1, 2019 through December 3, 2019, there was a snow event in Mansfield, Massachusetts, the home of Future Foam. In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that snow event, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

## Argument

Pursuant to Massachusetts' collateral source rule, "compensation received from a third party unrelated to a tortfeasor-defendant (the collateral source) will not diminish an injured party's recovery from that tortfeasor." *England v. Reinauer Transp. Companies, L.P.*, 194 F.3d 265, 273 (1st Cir. 1999) (quoting *Fitzgerald v. Expressway Sewerage Const., Inc.*, 177 F.3d 71, 73 (1st Cir. 1999) (citing *Jones v. Wayland*, 373 N.E.2d 199, 207 (MA 1978); *Goldstein v. Gontarz*, 309 N.E.2d 196, 203 (MA 1974). "The tortfeasor is required to compensate the injured party for the fair value of the harm caused, and is not to benefit from either contractual arrangements of the injured party with insurers or from any gifts from others intended for the injured party." *Law v. Griffith*, 930 N.E.2d 126, 132 (MA 2010). As a result, a plaintiff's insurance or workers' compensation benefits is irrelevant to the issue of damages, and is therefore inadmissible on that issue. *England*, 194 F.3d at 273; Fed. R. Evid. 401, 402. The only way such evidence is admissible is if it is relevant to some other material issue, and its probative value is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or needlessly presenting cumulative evidence. *Fitzgerald*, 177 F.3d at 74-75; Fed. R. Evid. 403. The danger of unfair prejudice, confusing the issues, and misleading the jury is real, because "a jury, informed, say, that a plaintiff has recourse to first party insurance proceeds, may be unduly inclined

to return either a defendant's verdict or an artificially low damage award." *England*, 194 F.3d at 274 (quoting *Fitzgerald*, 177 F.3d at 75).

The plaintiff's health insurance and workers compensation benefits are irrelevant to this case under Rule 401 of the Federal Rules of Evidence. They are irrelevant to the issue of damages pursuant to the collateral source rule, and equally irrelevant to the issue of liability. They are irrelevant to any material issue in the case. That the plaintiff has health insurance and has received workers' compensation benefits makes no fact at issue more or less probable, and is therefore irrelevant under Rule 401 and inadmissible under Rule 402.

In the alternative, even if the Court finds the plaintiff's health insurance and receipt of workers' compensation benefits relevant to some material issue in the case, the evidence should be excluded under Rule 403. Any probative value of the plaintiff's health insurance and workers' compensation benefits is substantially outweighed by unfair prejudice, confusion of the issues, and the danger of misleading the jury. If the jury learns that the plaintiff's medical expenses have been largely covered by his health insurance, and that the plaintiff has received workers' compensation benefits, the jury will believe that awarding damages to the plaintiff will result in an unjust double payment or double compensation for his injury. As a result, the jury will be inclined to find for the defendant or reduce the plaintiff's damages improperly. This is extremely prejudicial to the plaintiff. And it is unfairly prejudicial and improper since Massachusetts' law provides that an injured employee who recovers in tort from a third party must repay workers' compensation benefits out of his personal injury award. *See* Mass. Gen. Laws Ch. 152, § 15.[1]

---

[1] In relevant part, Ch. 152, § 15 reads: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections seven, eight, ten A, eleven C, twelve or nineteen nor until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For

Introducing the jurors to the fact that the plaintiff has received workers' compensation benefits will result in juror confusion. Jurors will question the relationship between the plaintiff's employer and the case, why the employer is not a co-defendant, whether someone has already been held responsible or found to be at fault for the plaintiff's injury, and will be at risk of being confused and misled about the actual issues being tried. Permitting this evidence at trial will result in a mini trail within the trial, concerning the law of workers' compensation and the plaintiff's receipt of benefits under that law, neither of which are relevant to any issues in the present case. At no point during this trial should the Court, or parties through its witnesses, be explaining what workers' compensation is, what is compensates, and what it does not compensate. Not only will it be a distraction for the jurors, but it will result in significant and unfair prejudice to the plaintiff, and thus should be excluded.

## Conclusion

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

        Plaintiff,
        By his Attorneys,

        /s/ Katelyn M. Revens
        Amato A. DeLuca (BBO #638548)
        Richard Boren (#0390)
        Katelyn M. Revens (BBO #688007)
        DeLuca & Associates, Ltd.
        199 North Main Street
        Providence, RI 02903
        (401) 453-1500
        (401) 453-1501 (Fax)
        bud@delucaandassociates.com
        richard@declucaandassociates.com
        kate@delucaandassociates.com

---

the purposes of this section, "excess" shall mean the amount by which the gross sum received in payment for the injury exceeds the compensation paid under this chapter.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : <br> L. P. NADEAU, *a minor child.* : <br> : <br> v. : <br> : <br> HUNTER LAWN CARE, LLC; : <br> JOHN DOE CORPORATION, ALIAS; and : <br> JOHN AND/OR JANE DOE, ALIAS : | C.A. No.:  1:20-cv-11167-ADB |

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the above document was sent by electronic mail, on this 10th day of January 2022 to the following counsel of record:

    John B. Stewart, Esq.
    Murphy & Manitsas, LLC
    20 Maple Street, Suite 301
    Springfield, MA  01103
    TheTrialer@aim.com


                                                        /s/ Katelyn M. Revens