UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child*. : | |
| : | |
| v. : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING LEE STONE**

Now comes the plaintiff, by and through his attorney, and hereby moves this Honorable Court for an Order prohibiting potential witness Lee Stone from offering any opinion on the cause of the plaintiff's fall on December 5, 2019. This evidence is inadmissible pursuant to Rules 602 and 701 of the Federal Rules of Civil Procedure.

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. Mansfield, Massachusetts, the home of Future Foam, received snow December 1, 2019 through December 3, 2019. In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that storm, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

The plaintiff received workers' compensation benefits from his employer, Future Foam, after the injury. He has been a maintenance mechanic for Future Foam since 2016, and was out of work for approximately seven months as a result of this injury.

Lee Stone is the plant manager of the Future Foam plant in Mansfield, Massachusetts. Future Foam designed him as a deponent in response to the defendant's notice pursuant to Rule 30(b)(6) of the Rules of Federal Civil Procedure. He was also deposed by plaintiff as a fact witness. During his deposition, he testified that he did not see the plaintiff fall in the parking lot, but that he reported to the parking lot after the fall and observed the plaintiff being treated by emergency medical personnel. He noted that the plaintiff's shoelaces were untied, but did not testify to whether they were tied prior to the fall. He later retrieved and watched the video from the parking lot, which shows the plaintiff slipping and falling. When asked by the defendant what he, on behalf of Future Foam, believed to be the cause of the plaintiff's accident on December 5, 2019, Lee Stone responded:

> From what I could see in reviewing the videotape and the interviews and the conversations I had, there were two factors involved. One was that the parking lot was slippery, that it had iced over, and the second part is that he did have his shoes on, but they weren't tied or laced up. I'm not going to sit here and say he tripped over his laces. I don't know. And I don't know what impact not having your shoes bound to your feet has on you once you start to slip. Does that exacerbate any type of injury that you have? I don't know. I'm not an expert on that stuff. But it was slippery and his shoes were untied. That's what I know.

Lee Stone, 114:7 – 115:2. Lee Stone also testified that at no point after the plaintiff's fall and resulting injury did Lee Stone speak with the plaintiff about his fall, including how or why the plaintiff fell.

## Argument

Pursuant to Rule 602 of the Federal Rules of Evidence, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." It is clear from Lee Stone's deposition testimony that he does not have personal knowledge of what caused the plaintiff to slip and fall in the parking lot on December 5, 2019. He

was not present in the parking lot when it happened and he never spoke to the plaintiff about how or why the plaintiff fell. If he obtained information about the plaintiff's slip and fall, it was through other individuals, and not based upon his own personal knowledge. Because he does not have personal knowledge of the matter, he cannot testify about the matter.

Furthermore, any opinion Lee Stone has on the cause of the plaintiff's slip and fall is inadmissible under Rule 701. Opinion by lay witnesses is only permitted if said opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Having an opinion that is rationally based on the witness's perception requires the witness to have personal knowledge of facts that reasonably justify the conclusion. Lee Stone does not have personal knowledge of facts to justify any opinion on what caused the plaintiff's fall. He did not witness it, nor did he witness whether the plaintiff's shoelaces were tied or untied prior to and at the time of the fall. Without the appropriate personal knowledge to support his opinion, his opinion is irrelevant and purely speculative, and should be excluded.

## Conclusion

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

> Plaintiff,
> By his Attorneys,
>
> /s/ Katelyn M. Revens
> Amato A. DeLuca (BBO #638548)
> Richard Boren (#0390)
> Katelyn M. Revens (BBO #688007)
> DeLuca & Associates, Ltd.
> 199 North Main Street
> Providence, RI 02903
> (401) 453-1500
> (401) 453-1501 (Fax)

bud@delucaandassociates.com
richard@declucaandassociates.com
kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child.* : | |
| : | |
| v.  : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC; : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the above document was sent by electronic mail, on this 10th day of January 2022 to the following counsel of record:

  John B. Stewart, Esq.
  Murphy & Manitsas, LLC
  20 Maple Street, Suite 301
  Springfield, MA  01103
  TheTrialer@aim.com


            /s/ Katelyn M. Revens