UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child*. : | |
| : | |
| v.   : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC : | |
| JOHN DOE CORPORATION, ALIAS; and : | |
| JOHN AND/OR JANE DOE, ALIAS : | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S
WORK ATTENDANCE**

Now comes the plaintiff, by and through his attorneys, and hereby moves this Honorable Court for an Order prohibiting any inquiry into, reference to, or the introduction of any evidence related to, the plaintiff's work attendance at Future Foam. This evidence is irrelevant under Rules 401 and 402 of the Federal Rules of Civil Procedure. Even if found to be relevant, any probative value of said evidence is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence, and therefore should be excluded.

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

The plaintiff received health insurance from his employer, Future Foam, and after this slip and fall in the parking lot, he received workers' compensation benefits from Future Foam. He was out of work for approximately seven months as a result of this injury.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. From December 1, 2019

through December 3, 2019, there was a snow event in Mansfield, Massachusetts, the home of Future Foam. In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that snow event, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

**Argument**

The plaintiff's attendance at work prior to the December 5, 2019 injury is irrelevant to the issues in this case under Rule 401 of the Federal Rules of Evidence. Any evidence of the plaintiff's attendance has no bearing on the questions of liability or damages and are irrelevant to any material issue in the case. The plaintiff's attendance makes no fact at issue more or less probable, and is therefore irrelevant under Rule 401 and inadmissible under Rule 402. Consequently, even if the court finds the attendance relevant to some material issue in the case, any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, and thus should be excluded under Rule 403.

**Conclusion**

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

Plaintiff,
By his Attorneys,

/s/ Katelyn M. Revens
Amato A. DeLuca (BBO #638548)
Richard Boren (#0390)
Katelyn M. Revens (BBO #688007)
DeLuca & Associates, Ltd.
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 (Fax)
bud@delucaandassociates.com
richard@declucaandassociates.com
kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : <br> L. P. NADEAU, *a minor child*. : <br> : <br> v. : <br> : <br> HUNTER LAWN CARE, LLC; : <br> JOHN DOE CORPORATION, ALIAS; and : <br> JOHN AND/OR JANE DOE, ALIAS : | C.A. No.: 1:20-cv-11167-ADB |

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the above document was sent by electronic mail, on this 10th day of January 2022 to the following counsel of record:

    John B. Stewart, Esq.
    Murphy & Manitsas, LLC
    20 Maple Street, Suite 301
    Springfield, MA  01103
    TheTrialer@aim.com


                                              /s/ Katelyn M. Revens