UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* | : |
| L. P. NADEAU, *a minor child*. | : |
| | : |
| v. | : C.A. No.: 1:20-cv-11167-ADB |
| | : |
| HUNTER LAWN CARE, LLC | : |
| JOHN DOE CORPORATION, ALIAS; and | : |
| JOHN AND/OR JANE DOE, ALIAS | : |

**PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S PRIOR OR SUBSEQUENT WORK-RELATED INJURIES AND WORKERS' COMPENSATION CLAIMS**

Now comes the plaintiff, by and through his attorneys, and hereby moves this Honorable Court for an Order prohibiting any inquiry into, reference to, or the introduction of any evidence related to any prior or subsequent work-related injuries sustained by plaintiff, and/or any workers' compensation claims made by the plaintiff. This evidence is irrelevant under Rules 401 and 402 of the Federal Rules of Civil Procedure, and even if found to be relevant, said evidence should be excluded under Rule 403, as any probative value is substantially outweighed by unfair prejudice, confusion of the issues, and danger of misleading the jury. Additionally, such evidence would amount to improper under Rule 608(b).

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

The plaintiff received health insurance from his employer, Future Foam, and after this slip and fall in the parking lot, he received workers' compensation benefits from Future Foam. He has been a

maintenance mechanic for Future Foam since 2016, and was out of work for approximately seven months as a result of this injury.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. From December 1, 2019 through December 3, 2019, there was a snow event in Mansfield, Massachusetts, the home of Future Foam. In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that snow event, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

**Argument**

Any prior or subsequent injuries or workers' compensation claims are irrelevant to this case pursuant to Rule 401 of the Federal Rules of Evidence. They have never been a part of the claims or defenses of either party. Neither party has suggested that any prior or subsequent injuries or workers' compensation claims have any bearing on the plaintiff's December 5, 2019 slip and fall and resulting injuries. Neither of the parties' experts reviewed any records related to any prior injuries or workers' compensation claims, and neither expert provided an opinion that any prior injuries are in any way relevant to the plaintiff's December 5, 2019 injury. As a result, any prior injuries or workers' compensation claims make no fact at issue more or less probable, and thus are not relevant under Rule 401, and are not admissible under Rule 402.

In the alternative, even if the Court finds such evidence relevant, the evidence should be excluded pursuant to Rule 403. Any probative value of any prior or subsequent injuries or workers' compensation claims is substantially outweighed by unfair prejudice, confusion of the issues, and the danger of misleading the jury. Any prior or subsequent injuries or claims are not the basis of this lawsuit and have nothing to do with this lawsuit. Any mention of them will merely confuse the jury and possibly mislead the jury on what this lawsuit is truly about.

Additionally, such evidence would amount to improper evidence under Rule 608(b). Any prior or subsequent injuries or workers' compensation claims are extrinsic evidence and cannot be used to attack or support the plaintiff's character for truthfulness.

## Conclusion

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

>Plaintiff,
>By his Attorneys,
>
>/s/ Katelyn M. Revens
>Amato A. DeLuca (BBO #638548)
>Richard Boren (#0390)
>Katelyn M. Revens (BBO #688007)
>DeLuca & Associates, Ltd.
>199 North Main Street
>Providence, RI 02903
>(401) 453-1500
>(401) 453-1501 (Fax)
>bud@delucaandassociates.com
>richard@declucaandassociates.com
>kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* | : | |
| L. P. NADEAU, *a minor child*. | : | |
| | : | |
| v. | : | C.A. No.: 1:20-cv-11167-ADB |
| | : | |
| HUNTER LAWN CARE, LLC; | : | |
| JOHN DOE CORPORATION, ALIAS; and | : | |
| JOHN AND/OR JANE DOE, ALIAS | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above document was sent by electronic mail, on this 10th day of January 2022 to the following counsel of record:

John B. Stewart, Esq.
Murphy & Manitsas, LLC
20 Maple Street, Suite 301
Springfield, MA 01103
TheTrialer@aim.com


                                             /s/ Katelyn M. Revens