UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* : | |
| L. P. NADEAU, *a minor child*. : | |
| : | |
| v.                                    : | C.A. No.: 1:20-cv-11167-ADB |
| : | |
| HUNTER LAWN CARE, LLC                 : | |
| JOHN DOE CORPORATION, ALIAS; and      : | |
| JOHN AND/OR JANE DOE, ALIAS           : | |

**PLAINTIFF'S MOTION IN LIMINE REGARDING SUBSEQUENT REMEDIAL MEASURES TAKEN BY PLAINTIFF'S EMPLOYER FUTURE FOAM**

Now comes the plaintiff, by and through his attorneys, and hereby moves this Honorable Court for an Order prohibiting any reference to of evidence of subsequent remedial measures taken by the plaintiff's employer, Future Foam, after plaintiff's injury on December 5, 2019. This evidence is inadmissible pursuant to Rule 407 of the Federal Rules of Civil Procedure.[1]

**Relevant Factual Background**

This is a personal injury action arising from injuries the plaintiff suffered on December 5, 2019 when he slipped and fell on snow and ice in his employer's parking lot. As a result of this fall, the plaintiff sustained a closed fracture dislocation of his right ankle. As a result of this injury and the treatments to repair the injury, the plaintiff suffers from permanent neuropathic pain.

The plaintiff received workers' compensation benefits from his employer, Future Foam, after the injury. He has been a maintenance mechanic for Future Foam since 2016, and was out of work for approximately seven months as a result of this injury.

At all relevant times, Future Foam contracted with the defendant, Hunter Lawn Care, LLC, to provide snow and ice removal services for the parking lot in question. From December 1, 2019

---

[1] Whether this rule of evidence is substantive or procedural is immaterial in this instance, as Rule 407 of the Massachusetts Rules of Evidence is substantially similar to the federal rule.

through December 3, 2019, there was a snow event in Mansfield, Massachusetts, the home of Future Foam.  In the instant action against the defendant, plaintiff alleges that defendant failed to properly clear the parking lot of snow and ice during and after that snow event, creating an unreasonably dangerous condition, and as a result, the plaintiff fell and suffered injury.

Defendant subpoenaed documents from Future Foam, including any emails related to the snow removal contract between the defendant and Future Foam.  Among the emails produced is a December 17, 2019 email from Lee Stone, Future Foam plant manager, to several managers at Future Foam, stating that he requested that the defendant treat "the lot" the following morning at 5:30 before people begin arriving for shift.  Of the eleven total emails produced, this is the only one pertaining to after the December 5, 2019 incident and injury in question.

## Argument

Rule 407 of the Federal Rules of Evidence governs the admissibility of subsequent remedial measures:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.  But the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures.[2]

Pursuant to this Rule, any action taken by Future Foam after the plaintiff's December 5, 2019 injury that may have made his injury less likely to occur, is not admissible to prove that Future Foam was negligent or culpable in relation to the December 5, 2019 event, nor is it admissible to prove that Future Foam was responsible for providing some type of warning in relation to the December 5, 2019

---

[2] Rule 407 of the Massachusetts Rules of Evidence reads: "(a) Prohibited uses.  When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.  (b) Exceptions.  The court may admit this evidence for another purpose, such as impeachment or, if disputed, proving ownership, control, or the feasibility of precautionary measures."

event. It is reasonable to infer that had Lee Stone, or another employee, agent, or servant of Future Foam, arranged for the lot to be treated prior to the shift on December 5, 2019, it would have been less likely that the plaintiff would have fallen on snow and ice and sustained injury. This is precisely the evidence that Rule 407 is intended to protect against. Defendant cannot use this evidence, or reference to this evidence, to prove that Future Foam was negligent or culpable for the December 5, 2019 incident. Defendant cannot use this evidence to suggest that Future Foam should have done as they did on December 17, 2019, and if they had, the plaintiff's injury was less likely to occur. To do so would violate Rule 407 of the Federal Rules of Evidence.

## Conclusion

For the above stated reasons, the plaintiff respectfully requests that this Honorable Court grant its motion.

                Plaintiff,
                By his Attorneys,

                /s/ Katelyn M. Revens
                Amato A. DeLuca (BBO #638548)
                Richard Boren (#0390)
                Katelyn M. Revens (BBO #688007)
                DeLuca & Associates, Ltd.
                199 North Main Street
                Providence, RI 02903
                (401) 453-1500
                (401) 453-1501 (Fax)
                bud@delucaandassociates.com
                richard@declucaandassociates.com
                kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL NADEAU, *Individually and as p.p.a.* | : | |
| L. P. NADEAU, *a minor child.* | : | |
| | : | |
| v. | : | C.A. No.:  1:20-cv-11167-ADB |
| | : | |
| HUNTER LAWN CARE, LLC; | : | |
| JOHN DOE CORPORATION, ALIAS; and | : | |
| JOHN AND/OR JANE DOE, ALIAS | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants (if applicable) on this 11th day of January 2022.

/s/ Katelyn M. Revens