UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL NADEAU et al.,                          *
                                             *
              Plaintiffs,                    *
                                             *
      v.                                     *
                                             *          Civil Action No. 20-cv-11167-ADB
HUNTER LAWN CARE, LLC,                       *
                                             *
              Defendant.                     *
                                             *
                                             *

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS IN LIMINE

BURROUGHS, D.J.

Plaintiff Paul Nadeau ("Plaintiff") filed this personal injury lawsuit against Defendant

Hunter Lawn Care, LLC ("Defendant"), alleging that he suffered serious injuries after he slipped

and fell in the parking lot of his employer, Future Foam. [ECF Nos. 17, 61]. Plaintiff claims

that his accident was caused by Defendant's failure to properly clear the parking lot of snow and

ice. [ECF No. 17].

Currently before the Court are Plaintiff's six motions in limine. [ECF Nos. 48, 49, 50,

51, 52, 53]. For the reasons set forth below, ECF Nos. 48, 50, 51, and 52 are GRANTED in part

and DENIED in part. ECF No. 49 is GRANTED as unopposed. ECF No. 53 is DENIED with

leave to renew as appropriate at trial.

I.     DISCUSSION

The Court assumes the parties' familiarity with the factual allegations contained in

Plaintiff's amended complaint, [ECF No. 17], and the parties' pretrial memorandum, [ECF No.

61]. In short, Plaintiff contends that at all relevant times Future Foam contracted with Defendant

for snow removal services.  [ECF No. 61 at 1–4].  On December 5, 2019, Plaintiff fell and

fractured his right ankle allegedly due to Defendant's failure to properly clear Future Foam's

parking lot of snow and ice as required by its contract with Future Foam.  [ECF No. 61 at 1–4].

Defendant disputes this account.  [Id. at 4–5].  The parties do agree, however, that, as a result of

his injury, Plaintiff was out of work from December 5, 2019 through June 29, 2020 and he has

incurred medical expenses of $48,385.19.  [Id. at 5].  Plaintiff is seeking damages for medical

expenses, lost wages, and pain and suffering.  [Id. at 4].  His minor son is seeking damages for

loss of consortium, society, and companionship.  [Id.].

A.    **ECF No. 48: Motion In Limine Regarding The Subsequent Contract Between Defendant And Future Foam**

Plaintiff asks the Court to preclude any evidence regarding Future Foam's renewal of its

snow removal contract with Defendant because such evidence is irrelevant and prejudicial.  [ECF

No. 48 at 1–2].  Plaintiff acknowledges that Future Foam continued to contract with Defendant

but contends that any discussion of contract renewals may improperly allow the inference that

Defendant is not liable or negligent.  [Id. at 2].  Defendant argues that this evidence is relevant

because it speaks to whether Future Foam was satisfied with Defendant's services and thought

that Defendant performed as required under its contract.  [ECF No. 56 at 1–2].

Under Federal Rule of Evidence 401 "[e]vidence is relevant if it has any tendency to

make a fact more or less probable" and "the fact is of consequence in determining the action."

Fed. R. Evid. 401.  Although relevant evidence is admissible, Fed. R. Evid. 402, the Court may

still exclude relevant evidence "if its probative value is substantially outweighed by a danger of

one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The

Court agrees that Future Foam's decision to renew its contract with Defendant does not make

any events that took place on December 5, 2019 more or less probable, and thus it is not relevant to Plaintiff's claims.  The contract renewal may, however, be relevant to other issues in the litigation, such as witness bias.  Accordingly, the Court may, if warranted and subject to other objections, allow witnesses to testify to the fact that the contract between Future Foam and Defendant was renewed, but will not allow any argument that this fact is probative of Defendant's contract performance or negligence.  Accordingly, the motion, [ECF No. 48], is GRANTED in part and DENIED in part, with leave to raise specific objections at trial and perhaps subject to an appropriate limiting instruction.

### B.    ECF No. 49: Motion In Limine Regarding Plaintiff's Health Insurance And Workers' Compensation Benefits

Plaintiff requests a ruling that prohibits the introduction of evidence relating to Plaintiff's health insurance and receipt of Workers' Compensation benefits.  [ECF No. 49].  To date, Defendant has not filed any response to Plaintiff's motion in limine regarding his health insurance and receipt of Workers' Compensation benefits.  Accordingly, the motion, [ECF No. 49], is GRANTED as unopposed.

### C.    ECF No. 50: Motion In Limine Regarding Lee Stone

Plaintiff moves to prohibit potential witness Lee Stone ("Mr. Stone") from offering an opinion about the cause of Plaintiff's fall on December 5, 2019.  [ECF No. 50 at 1].  Mr. Stone is the plant manager at Future Foam and was deposed both as Future Foam's Rule 30(b)(6) witness and as a fact witness.  [Id. at 2].  He testified in his deposition that he did not see the fall as it happened, but arrived to the parking lot after the fall and observed Plaintiff being treated by emergency medical personnel.  [Id.].  He also retrieved and watched the surveillance video of the parking lot at the time that Plaintiff fell.  [Id.].  During his deposition, Mr. Stone also proffered

that, in his opinion, the reason that Plaintiff fell was because (1) the parking lot was slippery, and (2) his shoes were not properly tied.  [Id.].

Plaintiff asserts that Mr. Stone's testimony must be excluded pursuant to Federal Rule of Evidence 602 because he did not observe the fall and therefore does not have personal knowledge of what caused Plaintiff's fall.  [Id. at 2–3].  Plaintiff also claims that Mr. Stone's opinion on Plaintiff's fall is an improper opinion by a lay witness that is inadmissible under Federal Rule of Evidence 701.  [Id. at 3].  Defendant counters that Mr. Stone should be allowed to offer his observations of the parking lot before and after the fall, and that he is permitted to give his opinion about the fall under Federal Rule of Evidence 701.  [ECF No. 57 at 1–2].

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  Under Federal Rule of Evidence 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . rationally based on the witness's perception . . . helpful to clearly understanding the witness's testimony or to determining a fact in issue. . . and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  "As these are conjunctive requirements, lay witness testimony that fails to satisfy a single prong of Rule 701 is not properly admitted."  United States v. Reyes, No. 19-2013, 2022 WL 168320, at *12 (1st Cir. Jan. 19, 2022).

Thus, under Rule 602, Mr. Stone is permitted to testify as to what he saw firsthand before and after the fall, and, as a general matter, he may also offer an opinion as to what he actually perceived, so long as it complies with the requirement that it not be "based on scientific, technical, or other special knowledge."  See Fed. R. Evid. 701(c).  He is not, however, permitted

to testify as to what he saw on the surveillance video because he did not perceive those events as they happened.  See Mattos v. Walmart, Inc., No. 19-cv-01819, 2020 WL 4805433, at *3 (D. Or. Aug. 18, 2020) (striking, on personal knowledge grounds, portions of an affidavit that described the events in a video that were not actually perceived by the affiant at the time they occurred). He is likewise precluded from offering any opinion about what he saw on the video or any other later-acquired information because it would not be "rationally based on [his] perception," nor helpful to the jury who, assuming it is otherwise properly introduced into evidence, could view the surveillance video for themselves.  See Fed. R. Evid. 701.

Accordingly, the motion, [ECF No. 50], is GRANTED in part and DENIED in part with leave to renew as appropriate at trial.

### D.    ECF No. 51: Motion In Limine Regarding Plaintiff's Work Attendance

Plaintiff moves to preclude any evidence relating to his job attendance at Future Foam because it is irrelevant and unfairly prejudicial.  [ECF No. 51 at 1].  Plaintiff asserts that his record of attendance prior to December 5, 2019 is not relevant to the question of liability or damages.  [Id. at 2].  Defendant argues that this information is potentially relevant to certain issues including Plaintiff's earning capacity and his knowledge of the parking lot conditions on December 5, 2019.  [ECF No. 58 at 1].

As noted above, under Rule 401 "[e]vidence is relevant if it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Evidence about Plaintiff's work history may make certain facts more or less probable, including, as Defendant notes, facts related to damages and Plaintiff's knowledge. [ECF No. 58 at 1].  Accordingly, the motion, [ECF No. 51], is GRANTED in part and DENIED in part.  The Court declines to issue a blanket prohibition of any reference to Plaintiff's work

attendance and will allow evidence to the extent it is relevant to the events that occurred on December 5, 2019.  Defendants are, however, precluded from introducing evidence for the purpose of arguing that Plaintiff is a poorly performing employee.

> **E.  ECF No. 52: Motion In Limine Regarding Plaintiff's Prior Or Subsequent Work-Related Injuries And Workers' Compensation Claims**

Plaintiff asks the Court to prohibit the introduction of any evidence relating to his other work-related injuries or Workers' Compensation claims because it is irrelevant and unfairly prejudicial.  [ECF No. 52 at 1].  Plaintiff argues that any other injuries or Workers' Compensation claims have never been part of this litigation and no expert has provided any analysis of other injuries that are relevant to the December 5, 2019 injury.  [Id. at 2].  Defendant does not oppose Plaintiff's motion to the extent it applies to his Workers' Compensation claims but opposes attempts to prohibit any questioning about prior or subsequent injuries.  [ECF No. 59 at 1].  Defendant argues that other injuries may provide an alternative explanation for any pain that Plaintiff is currently experiencing and Defendant would not be liable for those damages.  [Id.].  Neither party has identified specific injuries that may be raised, but the Court agrees that certain injuries may be relevant to the issues of causation and damages, and on balance would not be unfairly prejudicial to Plaintiff.

Accordingly, the motion, [ECF No. 52], is GRANTED in part as unopposed and DENIED in part.  By the agreement of the parties, references to Plaintiff's other Workers' Compensation benefits will be excluded.  Testimony about prior and subsequent injuries will be allowed if it is relevant to issues such as damages or causation, subject to proper objections at trial.

F.      **ECF No. 53: Motion In Limine Regarding Future Foam's Subsequent Remedial Measures**

Plaintiff seeks to exclude any references to the remedial measures taken by his employer Future Foam after the December 5, 2019 incident because they are inadmissible pursuant to Federal Rule of Evidence 407.  [ECF No. 53 at 1].  In discovery, an email sent by a Future Foam employee on December 17, 2019 requested that Defendant treat the parking lot the following morning at 5:30 a.m.  [Id. at 2].  Plaintiff argues that these remedial measures cannot be admitted to prove that Future Foam was negligent or culpable for the December 5, 2019 incident.  [Id. at 2–3].  Defendant counters that subsequent measures are relevant to showing how feasible it would have been for Future Foam to have taken these steps prior to the fall and are relevant to Future Foam's ownership and control of the parking lot, which are all recognized exceptions to Rule 407.  [ECF No. 60 at 1–2].  Defendant further contends that excluding these measures, which were undertaken on the part of a non-party, does not serve the purpose of Rule 407, which is meant to encourage defendants to take remedial measures without fear that evidence will be used against them.  [Id.].

Federal Rule of Evidence 407 states that

When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.

But the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

Aside from a general summary of the December 17, 2019 email mentioned in Plaintiff's motion, the Court does not have enough information to determine what evidence Plaintiff

believes should be excluded.  See [ECF No. 53 at 2 (describing email but not attaching it to the motion, and not describing any other potential evidence)].  Therefore, the motion, [ECF No. 53], is <u>DENIED</u> with leave to raise objections to specific evidence at trial.  The Court notes that although evidence relating to the feasibility of any actions and the ownership or control of the parking lot, if in dispute, may be admissible under Rule 407, as a general matter evidence regarding Future Foam's subsequent remedial measures is less likely to be admitted.

## II.    CONCLUSION

Accordingly, for the reasons set for above, Plaintiff's motions in limine are resolved as follows:

- ECF Nos. 48, 50, 51, and 52 are <u>GRANTED</u> in part and <u>DENIED</u> in part;
- ECF No. 49 is <u>GRANTED</u> as unopposed; and
- ECF No. 53 is <u>DENIED</u> with leave to renew at trial.

    **SO ORDERED.**

February 10, 2022                                        /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE